IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RENASANT BANK, INC.,

                Plaintiff,

v.

JOHN F. SMITHGALL, et al.,

                Defendants.

1:15-cv-459-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Renasant Bank, Inc.'s ("Plaintiff") Motion for Leave to Amend Complaint [44] ("Motion to Amend"). Also before the Court is the Moving Defendants'[1] Motion to Dismiss [61].

**I.   BACKGROUND**

On February 17, 2015, Plaintiff filed this action (i) to void and set aside certain alleged transactions pursuant to Georgia's Uniform Fraudulent Transfers Act and (ii) to recover attorneys' fees under O.C.G.A. § 13-6-11. ([1]). To allow the Court to determine if it had subject matter jurisdiction in this case, on February

---

[1] AJS Investment Group, LLC, Alaska Real Estate, L.L.C., Center Investments, Inc., Eufala Corp., JFS Vision, LLC, JSDD, LLC, King Tract, L.L.C., KJS Invest Group, LLC, Rentprop, L.L.C., Southfund Companies, Southfund Development, Inc., and Southfund Brothers, LLC (collectively, the "Moving Defedants").

20, 2015, the Court ordered [3] Plaintiff to file an amended complaint that adequately alleged the citizenships of certain Defendants. The amended complaint was required to be filed on or before March 9, 2015. On February 26, 2015, Plaintiff filed its First Amended Complaint [4], which contained the information required by the Court's February 20, 2015, Order.

On May 4, 2015, several Defendants filed answers and motions to dismiss the First Amended Complaint. ([28], [29], [30], [32]). On May 29, 2015, Defendant Jason Smithgall filed his motion to dismiss, and, on June 1, 2015, Defendant Ray Simmons filed his motion to dismiss.[2]

On May 18, 2015, Plaintiff filed its Motion to Amend. All Defendants oppose the motion, arguing that Plaintiff once amended its initial Complaint as a matter of course, and because Plaintiff failed to attach to its Motion to Amend a proposed amended complaint or to otherwise give notice to Defendants of the substance of the proposed amendments, the motion to amend is invalid. (Resp. [51] at 2-4). Defendants explained that Plaintiff's failure to attach a proposed second amended complaint "renders Defendants unable to address the Motion on its merits," (id. at 4), and this supports that the amendment should not be allowed.

---

[2] Defendant John F. Smithgall filed a Motion for Extension of Time to File Answer [31].

About three weeks later, on June 12, 2015, Plaintiff filed its Amended and Restated Complaint (the "ARC"). The ARC includes several new allegations, including that the Moving Defendants are insiders and transferees for purposes of the Act. (ARC ¶¶ 10-11, 14-19, 21-26, 46, 111). It also adds an allegation that Defendant John Smithgall "transferred funds in excess of $27,000,000 out of his personal name to other entities, including . . . each named corporate Defendant." (Id. ¶ 105).

On June 26, 2015, the Moving Defendants filed their Motion to Dismiss [61] the ARC, arguing, among other things, that the substantive allegations of the ARC are the same as in the First Amended Complaint, and therefore the ARC should be dismissed for the same reasons set out in the Moving Defendants' Motion to Dismiss the First Amended Complaint. (Mot. to Dismiss at 4). The other Defendants filed their answers to the ARC. ([62], [63], [64], [65], [66]).[3]

## II.   DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file one amended complaint as a matter of course, if the amended complaint is filed

---

[3] The procedural posture is odd. The Moving Defendants oppose the Motion to Amend the First Amended Complaint because, without a proposed amended complaint, the motion was not properly filed. Then, the Moving Defendants, however, later filed their Motion to Dismiss the ARC that was filed after the Motion to Amend was filed.

either within twenty-one (21) days of service of the original complaint or within twenty-one (21) days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss.  See Fed. R. Civ. P. 15(a)(1).  Amended complaints outside of these time limits may be filed only "with the opposing party's written consent or the court's leave."  See Fed. R. Civ. P. 15(a)(2).

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court."  Laurie v. Ala Ct. of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001).  Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "There must be a substantial reason to deny a motion to amend."  Laurie, 256 F.3d at 1274.  "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, the Court required Plaintiff to file its First Amended Complaint to add jurisdictional allegations.  Because the First Amended Complaint was not filed by the Plaintiff as "a matter of course" but upon the Order of the Court, the Court holds that Plaintiff's court-ordered First Amended Complaint did not qualify as

4

Plaintiff's amendment allowed as a matter of course under Fed. R. Civ. P. 15. Plaintiff thus was entitled to file an amended complaint as a matter of course, so long as it filed the amended complaint within the time limits prescribed by Fed. R. Civ. P. 15. "[A] plaintiff [however] waives the right to amend his complaint as a matter of course if he chooses to file a motion to amend instead of filing the amended complaint as a matter of course." Toenniges v. Ga. Dep't of Corr., 502 F.App'x 888, 889 (11th Cir. 2012) (citing Coventry First, LLC v. McCarty, 605 F.3d 865, 869 (11th Cir. 2010)). Because Plaintiff filed its Motion to Amend, Plaintiff waived its right to file its ARC as a matter of course.

A further complication arises because Plaintiff failed to attach to its Motion to Amend a copy of its proposed amended complaint, or to set forth the substance of its proposed amendments in its Motion to Amend, as required by the Eleventh Circuit. See Britton ex rel. U.S. v. Lincare Inc., —— F. App'x —— , ——, 2015 WL 8526356, at *3 (11th Cir. Dec. 10, 2015) (citing United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1359 (11th Cir. 2006)). This failure prejudiced Defendants because they did not know the content of the new amendments and thus they were not given a fair opportunity to oppose the Motion to Amend.

The Court has the discretion to grant a plaintiff the right to amend a complaint, provided it would be fair and efficient to do so. See Fed. R. Civ. P.

5

15(a)(2). Here, Plaintiff, on May 18, 2015, asked the Court to allow Plaintiff to amend its complaint, but failed to attach the proposed amended pleading. The ARC was filed three weeks later. The Moving Defendants then moved to dismiss the ARC fully aware of the content Plaintiff added on June 12, 2015. The ARC was filed shortly after the Motion to Amend and thus Defendants were sufficiently aware of the amended pleading and chose to move to dismiss it, rather than to strike it, and the Court finds Defendants were not prejudiced by the ARC's faulty filing.[4]

In the interest of justice, the Court construes Plaintiff's ARC as if it were attached to Plaintiff's Motion to Amend, and will consider the Motion to Amend as filed on June 12, 2015. Having done so, the Defendants have the right to oppose the motion. Accordingly, to allow Defendants an opportunity to respond, those Defendants who oppose the Motion to Amend may file, on or before February 1, 2016, a response to Plaintiff's Motion to Amend. Plaintiff shall file a reply, if any, on or before February 8, 2016. The operative complaint as of the

---

[4] Had the Plaintiff, on June 12, 2015, filed its Motion to Amend and attached the revised complaint, the Court would have allowed the Defendants to oppose the motion.

entry of this Opinion and Order is the February 26, 2015, First Amended Complaint [4].[5]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that those Defendants who oppose Plaintiff Renasant Bank, Inc.'s ("Plaintiff") Motion for Leave to Amend Complaint [44] ("Motion to Amend") may file, on or before February 1, 2016, a response to Plaintiff's Motion to Amend.  Plaintiff shall file a reply, if any, on or before February 8, 2016.

**IT IS FURTHER ORDERED** that the Moving Defendants' Motion to Dismiss [61] is **DENIED AS MOOT**.

**SO ORDERED** this 13th day of January, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Because the Moving Defendants' June 26, 2015, Motion to Dismiss [61] is a motion to dismiss a non-operative complaint, the Court denies it as moot, but without prejudice to Defendants filing motions to dismiss the ARC if it is allowed to be filed.