IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RENASANT BANK, INC.,

                     Plaintiff,

v.                                                                          1:15-cv-459-WSD

JOHN F. SMITHGALL, et al.,

                     Defendants.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Renasant Bank, Inc.'s ("Plaintiff") Motion for Leave to Amend Complaint [44] ("Motion to Amend"). Also before the Court are Defendants' Motions to Dismiss [28, 29, 30, 46, 53], Defendants' Motion to Stay Preliminary Deadlines Pending Final Disposition of Motions to Dismiss [33] ("Motion to Stay"), Defendant Elaine Smithgall's Motion for Joinder to Motion to Stay Preliminary Deadlines [35] ("Motion for Joinder"), and Defendant John F. Smithgall's Motion for Extension of Time to File Responsive Pleading [31].

**I.    BACKGROUND**

On February 17, 2015, Plaintiff filed this action (i) to void and set aside certain alleged transactions pursuant to Georgia's Uniform Fraudulent Transfers

Act and (ii) to recover attorneys' fees under O.C.G.A. § 13-6-11.  ([1]).  To allow the Court to determine if it had subject matter jurisdiction in this case, on February 20, 2015, the Court ordered [3] Plaintiff to file an amended complaint that adequately alleged the citizenships of certain Defendants.  The amended complaint was required to be filed on or before March 9, 2015.  On February 26, 2015, Plaintiff filed its First Amended Complaint [4], which contained the information required by the Court's February 20, 2015, Order.

On May 4, 2015, several Defendants filed answers and motions to dismiss the First Amended Complaint.  ([28], [29], [30], [32]).  On May 29, 2015, Defendant Jason Smithgall filed his motion to dismiss, and, on June 1, 2015, Defendant Ray Simmons filed his motion to dismiss.[1]

On May 4, 2015, several Defendants filed their Motion to Stay.  On May 5, 2015, Defendant Elaine Smithgall filed her Motion for Joinder.

On May 18, 2015, Plaintiff filed its Motion to Amend.  All Defendants opposed the motion, arguing that Plaintiff once amended its initial Complaint as a matter of course, and because Plaintiff failed to attach to its Motion to Amend a proposed amended complaint or to otherwise give notice to Defendants of the

---

[1]  Defendant John F. Smithgall filed a Motion for Extension of Time to File Responsive Pleading [31].

substance of the proposed amendments, the motion to amend is invalid. (Resp. [51] at 2-4). Defendants explained that Plaintiff's failure to attach a proposed second amended complaint "renders Defendants unable to address the Motion on its merits," (id. at 4), and this supports that the amendment should not be allowed.

About three weeks later, on June 12, 2015, Plaintiff filed its Amended and Restated Complaint (the "ARC").

On January 13, 2016, the Court entered an Order [69] construing Plaintiff's ARC as if it were attached to Plaintiff's Motion to Amend, and considered the Motion to Amend as filed on June 12, 2015. The Court allowed Defendants to file a response to the Motion to Amend.

On February 1, 2016, Defendants filed their Response [70], indicating that Defendants do not oppose Plaintiff's Motion to Amend.

## II.   DISCUSSION

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Ala Ct. of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

Defendants do not oppose Plaintiff's Motion to Amend, and the Court finds that it would be fair and efficient to allow the ARC to be filed.  Accordingly, the Court grants Plaintiff's Motion to Amend.

Because the ARC is the operative Complaint as of the filing of this Opinion and Order, all previously-filed motions to dismiss are required to be denied as moot, but without prejudice to any Defendant moving to dismiss the ARC.[2]

Further, because the Motion to Stay seeks a stay pending the final disposition of motions to dismiss that are now moot, the Court also denies as moot the Motion to Stay and Motion for Joinder.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Renasant Bank, Inc.'s Motion for Leave to Amend Complaint [44] is **GRANTED**.  Following the entry of this Order, the Clerk of Court is **DIRECTED** to re-docket the Amended and Restated Complaint [59].

**IT IS FURTHER ORDERED** that the Motions to Dismiss [28, 29, 30, 46, 53] filed prior to the Amended and Restated Complaint are **DENIED AS MOOT**.

---

[2]   Defendant John F. Smithgall's Motion for Extension of Time to File Responsive Pleading was filed with respect to a non-operative complaint, and also is denied as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Preliminary Deadlines Pending Final Disposition of Motions to Dismiss [33] and Defendant Elaine Smithgall's Motion for Joinder to Motion to Stay Preliminary Deadlines [35] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant John F. Smithgall's Motion for Extension of Time to File Responsive Pleading [31] is **DENIED AS MOOT**.

**SO ORDERED** this 5th day of February, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE